UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| TRISTAN J. HALL,<br><br>Plaintiff,<br><br>v.<br><br>TOBY CARPENTER, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:21-CV-00063-DCLC-DCP |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Rhett Carter's and City of Knoxville's ("the City") Motion for Summary Judgment [Doc. 40], and Defendants Toby Carpenter's and Kinnerly Montgomery & Finley's ("KMF") Motion to Dismiss [Doc. 43]. Plaintiff Tristan J. Hall has not responded to either motion. This matter is now ripe for resolution. For the reasons that follow, Defendants' motions [Docs. 40, 43] are **GRANTED**.

## I. BACKGROUND

This case begins at the end of a romantic relationship. In 2020, Plaintiff dated Ms. Lauren Frontz briefly [Doc. 1, ¶ 11]. Things soon soured between the two and rather than going their separate ways, Ms. Frontz sought a protective order against Plaintiff [*Id.*]. She hired Douglas Toppenberg, an attorney with Defendant KMF, to represent her in that matter, and Mr. Toppenberg succeeded in obtaining an *ex parte* order of protection for Ms. Frontz [*Id.*, ¶¶ 12-13].

Disgruntled by Ms. Frontz's order of protection, Plaintiff sued her for malicious prosecution in Knox County Circuit Court [*Id.*, ¶ 14]. Ms. Frontz hired Defendant Toby Carpenter, another attorney with KMF, to represent her in that state-court action [*Id.*]. Plaintiff later

discovered that his private investigator and Carpenter communicated about that case [*Id.*, ¶ 15]. Plaintiff fired his counsel in that matter and proceeded *pro se* [*Id.*, ¶¶ 16-17].

In representing himself, Plaintiff sent 78 emails to either Toppenberg, Carpenter, or the managing partner of KMF [*Id.*, ¶ 18]. In one email, Plaintiff warned Carpenter and KMF that their actions "would result in potential substantial economic losses[.]" [*Id.*, ¶ 21]. And in a need to further emphasize the seriousness of his warning, Plaintiff—in that same email—told Carpenter and KMF that if their behavior continued, they should "advise him which corner of their building he should lite a match to." [*Id.*]. Plaintiff thought that his statements in that email, "taken in context, [were] clearly not a threat whatsoever to any attorney or the firm" and that he only asked "rhetorically" where in the building Carpenter and KMF would prefer him to start a fire [*Id.*]. In addition to his emails to Carpenter and KMF, Plaintiff filed a complaint against Carpenter with the Tennessee Board of Professional Responsibility [*Id.*, ¶ 20].

Apparently missing the rhetorical nature of Plaintiff's statement that he planned on burning down Carpenter's law office, Carpenter reported Plaintiff to the Knoxville Police Department ("KPD") on December 21, 2020 [Doc. 41, ¶ 8]. Defendant Carter, an officer with KPD, investigated Carpenter's complaint and presented his investigation to a Knox County Assistant District Attorney General ("Knox County ADA") [Docs. 1, ¶ 24; 41, ¶¶ 13-14]. The Knox County ADA recommended Carter file a complaint for harassment and extortion and obtain an arrest warrant for Plaintiff [Doc. 41, ¶¶ 14-15]. A Knox County magistrate reviewed Carter's filings and issued two arrest warrants for Plaintiff [*Id.*, ¶ 17]. On February 3, 2021, a Knox County Grand Jury indicted Plaintiff in *State of Tennessee v. Tristan James Hall, Alias*, Case No. 118519, for extortion and harassment of Carpenter [Doc. 1-3, pgs. 1-3]. That same day Carter arrested Plaintiff for the charges contained in the Knox County indictment [Doc. 41, ¶ 19].

A few weeks after his arrest, Plaintiff filed the instant Complaint, alleging a number of violations of his civil rights under federal and state law [Doc. 1]. Plaintiff's claims arose out of the Knox County criminal investigation and attendant proceeding regarding his harassment and extortion of Carpenter [*Id.*, ¶¶ 29-49]. Specifically, Plaintiff contended, "[u]pon information and belief," that Carpenter, KMF, and Carter acted in concert in directing Carter to investigate Plaintiff and allegedly lying to him during the course of that investigation [*Id.*, ¶ 26]. Plaintiff further asserted that Carter did not have probable cause to arrest him for either extortion or harassment of Carpenter [*Id.*, ¶ 28].

Plaintiff alleged that Carter violated his Fourth Amendment rights by arresting him without probable cause and that Carpenter and KMF directed Carter to violate his rights, all in violation of 42 U.S.C. § 1983 [*Id.*, ¶¶ 29, 31-32]. Plaintiff also brought claims against the City of Knoxville for having a custom of similar violations, failing to train or supervise Carter, having deficient policies, and ratifying Carter's conduct, also in violation of § 1983 [*Id.*, ¶¶ 37-42]. Plaintiff further alleged that Carter, Carpenter, and KMF all conspired to violate his rights, in violation of 42 U.S.C. §§ 1985, 1986 [*Id.*, ¶ 43]. Lastly, Plaintiff asserted state law claims for malicious prosecution and intentional infliction of emotional distress ("IIED") against Carpenter and KMF [*Id.*, ¶ 45].

On October 14, 2022, a jury found Plaintiff guilty of all charges in the Knox County indictment [Docs. 40-2, 43-2]. Carpenter and KMF now move to dismiss Plaintiff's Complaint [Doc. 43], and Carter and the City move for summary judgment [Doc. 40]. Plaintiff failed to respond.[1] This matter is now ripe for resolution.

---

[1] Although Plaintiff did not respond to either motion, he attempted to voluntarily dismiss his Complaint without following the proper procedures for such a dismissal [Doc. 38], which the Court denied [Doc. 39].

## II. LEGAL STANDARD[2]

### A. Carpenter's and KMF's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court liberally construes the complaint in favor of the opposing party. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

To survive dismissal, the plaintiff must allege facts that are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and dismissal is

---

[2] Defendants Carpenter and KMF move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) [43], and Carter and the City move for summary judgment under Fed. R. Civ. P. 56 [40]. Although those procedural vehicles ordinarily are used at different stages of litigation, the distinction here does not impact the Court's analysis of the merits of each motion because Plaintiff failed to respond to either motion or file anything addressing the substance of his Complaint. Thus, the evidentiary record is the same for both motions, and the Court need not resolve any factual disputes.

appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In addition to the allegations contained in the complaint, a court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" in ruling on a 12(b)(6) motion to dismiss. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted). The Court also may take "judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

**B. Carter's and the City's Motion for Summary Judgment under Fed. R. Civ. P. 56**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc*., 253 F.3d 900, 907 (6th Cir. 2001). The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. When a motion for summary judgment is unopposed, as is the case here, the Court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611,

630 (6th Cir. 2014). The Court, however, will not *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party. *Id.* at 630 n.11.

Once the movant has discharged this burden, the nonmoving party can no longer rest on the allegations in the pleadings and must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc*., 285 F.3d 415, 424 (6th Cir. 2002). At summary judgment, the Court may not weigh the evidence, and its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough. *Id.* at 251–52. The Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

## III. ANALYSIS

### A. Plaintiff's § 1983 and malicious prosecution claims against Defendants

Defendants argue that Plaintiff's § 1983 claims as to each of them must be dismissed because a jury found him guilty of the underlying criminal charges that gave rise to the instant Complaint [Doc. 42, pgs. 6-8; 43-1, pgs. 4-5]. A plaintiff cannot bring a § 1983 claim that subverts the legality of an underlying criminal prosecution until that criminal prosecution has been resolved in the plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 474 (1994); *see also Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007). Here, Defendants are correct that the criminal proceeding that is the subject of Plaintiff's Complaint resulted in Plaintiff's conviction [Docs. 40-2; 43-2]. A finding by the Court that Carter lacked probable cause to arrest Plaintiff or that Carpenter, KMF, and Carter conspired to violate his rights would cast the jury's verdict in the underlying criminal

proceeding into doubt, thereby subverting the legality of Plaintiff's conviction in that case. Because Plaintiff did not first establish a favorable termination of the underlying criminal proceeding that gave rise to his Complaint, *Heck* bars Plaintiff's § 1983 claims for violation of his Fourth Amendment rights against all Defendants. *Heck*, 512 U.S. at 474; *Fox*, 489 F.3d at 235. Thus, Plaintiff's § 1983 claims against Defendants are **DISMISSED**.

Defendants Carpenter and KMF further argue that Plaintiff's state-law malicious prosecution claim as to them must be dismissed for the same reason [Doc. 43-1, pgs. 14-15]. As with Plaintiff's § 1983 claims, *Heck* bars claims for malicious prosecution under state law that would imply the invalidity of his conviction or sentence. *Fox*, 489 F.3d at 235. Plaintiff's state-law malicious prosecution claim springs directly from the underlying criminal proceeding referenced throughout his Complaint and in which a jury found him guilty on all counts [Doc. 43-2, pg. 1]. Accordingly, Plaintiff's claim for malicious prosecution against Carpenter and KMF is **DISMISSED**. The Court does not reach the parties' remaining arguments in their respective motions as to Plaintiff's § 1983 claims.

**B. Plaintiff's §§ 1985 and 1986 claims against Defendants**

Defendants Carpenter, KMF, and Carter next argue that Plaintiff cannot establish a claim under § 1985 or § 1986 against them because his Complaint and the record do not contain allegations to meet the elements of a claim under either statute [Docs. 42, pgs. 18-19; 43-1, pgs. 9-11].[3] To establish a claim under § 1985(3), a plaintiff must allege the defendants engaged in a

3 Plaintiff fails to state which subsection of § 1985 he alleges Carpenter, KMF, or Carter violated. But Plaintiff does not allege that they were officers of the United States or conspired to prevent an officer from performing his duties and, thus, has not stated a claim under § 1985(1). 42 U.S.C. § 1985(1). Further, Plaintiff does not allege that Carpenter, KMF, or Carter prevented him or anyone else from participating in a court proceeding and cannot state a claim under § 1985(2) as such. *Id.* § 1985(2). Accordingly, the Court analyzes Plaintiff's claim under § 1985(3) only.

conspiracy to deprive him of either equal protection of the law or equal privileges and immunities under the law. *United Bhd. Of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983). A plaintiff must further allege the defendants took an act in furtherance of the conspiracy and that the plaintiff was injured by that act. *Id.* Importantly, the plaintiff must show that the defendants shared a "common discriminatory objective." *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012). The defendants must have been motivated by some "class-based, invidiously discriminatory animus." *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994).

Here, Plaintiff's allegations of a conspiracy between Carpenter, KMF, and Carter are conclusory and unsupported by the facts alleged in the Complaint or contained in the record. Plaintiff has not alleged that he was part of a protected class and discriminated against because of his membership in such a class, which is a critical element for a § 1985(3) claim. *Haverstick Enters., Inc.*, 32 F.3d at 994; *see also Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 224 (6th Cir. 1991) (holding that § 1985(3) applies only to membership in a class of "those so-called 'discrete and insular' minorities that receive special protection under the Equal Protection Clause because of inherent personal characteristics"). Moreover, the Complaint does not mention—and the record does not contain indication of—any motivations by Carpenter, KMF, or Carter that would show their allegedly conspiratorial actions were based on Plaintiff's membership in a protected class. Plaintiff instead believes their purported conspiracy was motivated by personal animosity toward him or some sense of generalized grievance against him [*See generally* Doc. 1]. Thus, Plaintiff cannot state a claim for relief under § 1985(3) against Carpenter, KMF, and Carter. *Id.*

Because Plaintiff cannot state a claim under § 1985, he necessarily cannot state a claim under § 1986. *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990). Accordingly, Plaintiff's claims against Carpenter, KMF, and Carter under §§ 1985 and 1986 are **DISMISSED**.

**C. Plaintiff's state-law IIED claim against Carpenter and KMF**

Defendants Carpenter and KMF argue that Plaintiff has not alleged a claim for state-law IIED because the facts in his Complaint do not rise to the level of extreme and outrageous conduct [Doc. 43-1, pgs. 16-17]. To establish a claim for IIED under Tennessee law, a plaintiff must show: (1) the conduct complained of was intentional or reckless; (2) the conduct was so outrageous as to not be tolerated by civilized society; and (3) the conduct results in serious mental injury. *John Doe 1 ex rel. Jane Doe 1, et al. v. Roman Catholic Diocese, et al.*, 154 S.W.3d 22, 31 (Tenn. 2005). The plaintiff bears a heavy burden in establishing a state-law IIED claim. *Oates v. Chattanooga Pub. Co.*, 205 S.W.3d 418, 428 (Tenn. Ct. App. 2006).

Here, Plaintiff does not allege any conduct that could be described as "outrageous." His Complaint focuses on his purportedly illegal arrest that resulted in a criminal prosecution by the State in which a jury found him guilty on all counts [Doc. 43-2, pg. 1]. Carpenter's and KMF's alleged conduct described in the Complaint, without more, does not rise to the level of outrageous conduct that would not be tolerated by civilized society. *John Doe 1 ex rel. Jane Doe 1, et al.*, 154 S.W.3d at 31. Accordingly, Plaintiff's state-law IIED claim against Defendants Carpenter and KMF is **DISMISSED**.

## IV. CONCLUSION

For the reasons stated, Defendants Carter's and the City's Motion for Summary Judgment [Doc. 40] is **GRANTED**, and Defendants Carpenter's and KMF's Motion to Dismiss [Doc. 43] is

**GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge